IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § | NO. 3-08-CR-0152-N(07) <br> NO. 3-10-CV-0917-N |
| SHAMVELL ANTIJUAN WILLIAMS | § § § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

In this section 2255 proceeding, Defendant Shamvell Antijuan Williams challenges his 140-month sentence for conspiracy to possess with intent to distribute 100 grams or more of PCP on the sole ground of ineffective assistance of counsel. One aspect of that claim is that defense counsel failed to object to a prior state conviction that was used to classify him as a career offender under U.S.S.G. § 4B1.1. To qualify as a "career offender" under the sentencing guidelines, a defendant must have, *inter alia*, "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The term "controlled substance offense" means:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with the intent to manufacture, import, export, distribute, or dispense.

*Id.* § 4B1.2(b). One of the prior offenses used to classify defendant as a career offender was a Dallas County conviction for delivery of a controlled substance. (*See* PSR at 12, ¶ 54). According to defendant, that drug conviction was not a "controlled substance offense" for purposes of section 4B1.1 because it included the possibility of a conviction based on an "offer to sell," rather than a

conviction based on "actual or constructive delivery." That was the holding of the Fifth Circuit in *United States v. Gonzales*, 484 F.3d 712 (5th Cir.), *cert. denied*, 127 S.Ct. 3031 (2007), a case that was decided more than two years before defendant was sentenced.[1] Defendant argues that his attorney was ineffective for overlooking *Gonzales* and failing to object to his classification as a career offender for sentencing purposes.

In a supplemental response to defendant's motion, the government concedes that counsel was ineffective in that regard. The government points out that the Texas delivery statute, Tex. Health & Safety Code Ann. § 481.112, is not *per se* an offense that automatically qualifies a defendant for classification as a career offender. (*See* Gov't Supp. Resp. at 2). Moreover, both the indictment and judicial confession in defendant's underlying state drug case contain language that includes the possibility of a conviction based on an "offer to sell" -- the very result prohibited by *Gonzales*. (*Id.*). The government acknowledges that defense counsel was on notice of *Gonzales* long before sentencing, and rendered ineffective assistance of counsel by failing to object to defendant's career offender classification. (*Id.* at 2-3). *See also United States v. Williamson*, 183 F.3d 458, 463 (5th Cir. 1999) (counsel was ineffective for failing to cite directly controlling precedent in brief). With respect to the prejudice prong of the *Strickland* analysis, the government correctly notes that without the career offender classification, defendant's total offense level would have been 27 and his criminal history category would have been IV. That combination would have yielded an advisory guideline range of 100 to 125 months -- 15 months less than the sentence imposed in this case. (*See* Gov't Supp. Resp. at 3). The government therefore joins defendant in asking for a new sentencing hearing.

---

[1] The issue in *Gonzales* was whether a prior state conviction for delivery of a controlled substance was a "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A)(i). However, as the Fifth Circuit noted in *United States v. Ford*, 509 F.3d 714, 717 n.2 (5th Cir. 2007), *cert. denied*, 129 S.Ct. 44 (2008), "the definitions of 'drug trafficking offense' and 'controlled substance offense' are almost identical." Therefore, *Gonzales* applies to prior drug convictions used to enhance sentences under either U.S.S.G. § 2L1.2(b)(1)(A)(i) or U.S.S.G. § 4B1.1(a).

## **RECOMMENDATION**

Defendant's motion to correct, vacate, or set aside sentence should be granted. The court should vacate his sentence and conduct a new sentencing hearing.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 8, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE